**Raymond W. CHAMBERS, Objecting Creditor, Appellant,**

v.

**Harold BLISS, Bankrupt, Appellee.**

**No. 11995.**

United States Court of Appeals Seventh Circuit.

Jan. 8, 1958.

Allen K. Davy, Kirkland, Ill., for appellant.

Larry J. Eggers, Beloit, Wis., for appellee.

Before DUFFY, Chief Judge, and MAJOR and PARKINSON, Circuit Judges.

MAJOR, Circuit Judge.

On January 4, 1957, Judge Perry of the District Court entered an order denying a motion by Raymond W. Chambers, an objecting creditor, to vacate an order of discharge in bankruptcy entered by Referee Sherwood Dixon or, in the alternative, that the objecting creditor be given an extension of time to file a petition for review of the referee's order. From this order the objecting creditor appeals.

The discharge issue has been contested by the creditor in a protracted and tortuous proceeding, as is evidenced by the fact that the order under attack was entered more than four years after the creditor, on July 30, 1953, filed specifications of objections to the bankrupt's discharge, during which time the issue was submitted to two referees, both of whom decided in favor of the bankrupt. In addition, the issue has been before the Court on numerous occasions.

The matter was originally referred to Referee John P. Devine and, after appropriate notice to creditors, the complaining creditor, as noted, filed specifications of objections on July 30, 1953. As a basis therefor it was alleged that the bankrupt had obtained money and property on credit by making and publishing two described materially false statements in writing concerning his financial condition. A hearing was held before the ref-

eree on the creditor's objections. The testimony taken was transcribed and written briefs submitted to the referee by the respective parties.

On July 12, 1954, the referee entered an order overruling the objections and granting the bankrupt a discharge. On July 19, 1954, the creditor filed a petition for review, praying that the order be vacated principally on the ground that the referee failed to make findings in support of his order. On January 5, 1955, the Court remanded the cause to the referee with instructions to make findings of fact and conclusions of law in support of his discharge order. No findings having been made by the referee, the Court, on March 24, 1955, on motion of the creditor, vacated its order of January 5, 1955, recalling the question of discharge for decision by the Court. This order was in turn vacated by an order of Court entered October 17, 1955, vacating the discharge order theretofore made by the referee, and the matter was again referred to the referee for the purpose of making findings, conclusions of law and a judgment order.

Referee Devine, after a long illness, died on October 21, 1955, without having complied with the Court order relative to making findings and conclusions. On October 25, 1955, the Court entered an order in which the death of Referee Devine was noted, vacated its previous order of re-reference and took the matter under advisement for decision by the Court. This order recites, " * * * all parties hereto declined to present further proof but instead do rely upon the record of testimony heretofore had before the said referee and the oral arguments made before the Court on October 17, 1955, and the parties having declined to present further argument or briefs in the matter when offered the opportunity so to do by the Court * * *."

Thereupon, the Court took the matter under advisement, after directing the parties to submit proposed findings of fact and conclusions of law. The Court at the time stated that after the submis-

sion of such proposed findings it would make its own findings of fact and conclusions of law and enter a final order. The objecting creditor, on October 25, 1955, filed a motion to be excused from the order directing him to submit proposed findings and conclusions. On November 3, 1955, the Court entered an order so excusing the objecting creditor. The bankrupt failed to submit proposed findings and conclusions.

We now come to the proceedings which apparently furnish the main basis for the creditor's contentions in this Court. On May 8, 1956, the Court made reference of the matter to Referee Sherwood Dixon. On June 26, 1956, this referee, after reviewing the evidence in detail, made findings on the issue of discharge on the basis of the record made before the former referee, which findings concluded with the statement, "I further find that the objections to discharge of said Harold Bliss should be overruled and the said bankrupt discharged." These findings were on the same date transmitted to the Clerk of the Court, accompanied by a letter which stated that a copy of the findings had been sent to the attorneys for the respective parties. On June 29, 1956, Referee Dixon, without further notice to counsel for the objecting creditor, entered an order discharging the bankrupt. On December 14, 1956, the objecting creditor filed in the Court a motion to vacate the referee's order of June 29, 1956, in which was recited a history of the previous proceedings in the matter. The reason alleged for the delay in making the motion was that the objecting creditor had only recently received information of the referee's discharge order of June 29, 1956. The Court denied this motion in its order of January 4, 1957, from which the creditor, as already noted, appeals to this Court.

Of the numerous complaints registered by the objecting creditor, we think there are only three worthy of mention: (1) the second referee was without power or jurisdiction, in the absence of a stipulation of the parties, to make findings on

the record made before the first referee; (2) the order of reference to the second referee was for the sole purpose of making findings, and the referee was, therefore, without authority to enter the discharge order of June 29, 1956, and (3) the discharge order is invalid because made without notice to the objecting creditor.

■ As to the first point, we think the objecting creditor clearly waived any right to complain which he might otherwise have had. As already shown, the Court's order of October 25, 1955 recites that all parties rely upon the record of the testimony taken before the referee and also that they decline to present further evidence, arguments or briefs. Moreover, the creditor had notice of the Court's reference to Referee Dixon made on May 8, 1956, and was furnished a copy of the findings and conclusions made by such referee. The record fails to disclose any objection made by the creditor to the procedure followed by Referee Dixon. If the creditor desired to object to the utilization by the second referee of the record made before the first referee, he should have done so at that time.

■■ The substance of the argument on the second point is that the order of May 8, 1956 was a special reference, solely for the purpose of making findings of fact, and that the order of discharge was, therefore, beyond the scope of the terms of reference. The short answer to this argument is that the order of reference of May 8, 1956 is not contained in the record and we have no way of ascertaining whether the reference was general or special. Judge Perry later treated it as general and acted accordingly. We see no reason why we should do otherwise. A general reference confers upon a referee the authority to enter an order of discharge. See In re McNay, D.C., 58 F.Supp. 960, 962 (and cases therein cited); In re Cummings, D.C., 84 F.Supp. 65, 67.

■ On the third point, it is argued that the discharge order is invalid because made by the referee without notice to the creditor. As already shown, the referee did not enter the discharge order until three days after he had made his findings. It appears to be the theory of the creditor that he was thus deprived of the opportunity to petition for review of the referee's report. The referee, as shown, found that the bankrupt should be discharged and of this the creditor had notice. Assuming that the creditor was acting under the belief that the referee was without authority to enter a formal order of discharge, we know of no reason why he could not have petitioned for review of the referee's findings within the time specified. This he failed to do. It also should be noted that Judge Perry in the order denying the motion to vacate recited, " * * * and the Court having again reviewed the complete file in this matter, including all the evidence taken and the petitions and motions filed therein and orders entered therein." We might add that we have read the testimony offered by the objecting creditor and we entirely agree with Judge Perry and the two referees who have found and concluded that the bankrupt was entitled to a discharge.

■ In our view, the objecting creditor has been deprived of no substantial right even though we assume that some of the proceedings have been irregular. The real harm has been to the bankrupt who, on a flimsy pretext, has been deprived of his discharge for more than four years. A direction to vacate the order under attack, as the creditor would have us do, would call for a proceeding *de novo*. We think there is no justification for such action.

The order appealed from is

Affirmed.